JOHN R. GARNER, ESQ. (SBN 246729)
**GARNER & ASSOCIATES LLP**
7940 California Avenue
Fair Oaks, CA 95988
john@garner-associates.com
530-934-3324


Attorney for Defendant
BIGTIME HOUSING FOUNDATION LLC,

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION aka FANNIE MAE, a corporation organized and existing under the laws of the United States of America<br><br>                              Plaintiff,<br><br>v.<br><br>BIGTIME HOUSING FOUNDATION LLC, a California limited liability company, a DOES 1 through 20, inclusive<br><br>                              Defendants. | Case No.:   2:26-CV-00610-SCR<br><br>**DEFENDANT BIGTIME HOUSING FOUNDATION LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**Judge:** The Hon. Sean Riordan<br>**Courtroom:** 27, 8th Floor<br><br><br>**DEMAND FOR JURY TRIAL** |

**DEFENDANT BIGTIME HOUSING FOUNDATION LLC'S ANSWER TO COMPLAINT**

Defendant Bigtime Housing Foundation LLC ("Defendant" or "BigTime") answers the Complaint filed by Plaintiff Federal National Mortgage Association aka Fannie Mae ("Plaintiff" or "Fannie Mae") as follows. Except as expressly admitted below, Defendant denies each and every allegation of the Complaint, including without limitation any allegation that Plaintiff is entitled to the relief requested. To the extent any allegation is not specifically admitted, it is denied. To the extent a response states that Defendant lacks knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is denied pursuant to Federal Rule of Civil Procedure 8(b)(5).

/ / /

## GENERAL DENIAL AND RULE 8 RESPONSE

Defendant does not assert a stand-alone general denial of every allegation under Federal Rule of Civil Procedure 8(b)(3), because Defendant admits certain limited matters below. Defendant does, however, deny all allegations not expressly admitted and denies that Plaintiff is entitled to any judgment, foreclosure, deficiency, receiver, turnover, attorneys' fees, costs, or other relief.

## RESPONSES TO ALLEGATIONS

1.      Defendant admits that Plaintiff alleges it is a corporation organized and existing under the laws of the United States and admits that 12 U.S.C. § 1723a contains sue-and-be-sued language. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining factual allegations in Paragraph 1, including allegations concerning Plaintiff's principal place of business, citizenship, mission, and operations, and therefore denies them. Defendant denies any legal conclusion or characterization inconsistent with applicable law.

2.      Defendant admits that BigTime Housing Foundation LLC is a California limited liability company. Defendant denies any remaining allegations in Paragraph 2 to the extent inconsistent with this response.

3.      Defendant admits that the real property at issue is located in Sacramento County, California.

4.      Defendant admits that Plaintiff alleges it is the current owner and holder of the Note and Deed of Trust. Defendant lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's current holder, ownership, and standing allegations and therefore denies them. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations regarding Plaintiff's mission and denies them.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning FHFA, Fannie Mae's conservatorship, and the scope of FHFA's powers, and therefore denies them. Defendant denies any legal conclusion or characterization inconsistent with applicable law.

6.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning FHFA's conservatorship, FHFA's statutory powers, and the application of 12

*FEDERAL NATIONAL MORTGAGE ASSOC. v. BIGTIME HOUSING FOUNDATION*
U.S. DISTRICT COURT EASTERN DISTRICT, Case No. 2:26-CV-00610-SCR

GARNER & ASSOCIATES LLP

U.S.C. § 4617(f), and therefore denies them. Defendant denies that the cited statute provides Plaintiff with the relief requested in this action.

7. Defendant lacks knowledge or information sufficient to form a belief as to whether FHFA supports the requested receivership or has reserved rights as alleged, and therefore denies those allegations. Defendant denies that 12 U.S.C. § 4617(j)(3) bars Defendant from asserting defenses, offsets, recoupment, or challenges to Plaintiff's alleged defaults, charges, fees, remedies, or requested relief.

8. Defendant admits that, on or about April 25, 2019, BigTime executed a Multifamily Loan and Security Agreement and Multifamily Note in connection with a loan originated by Arbor Commercial Funding I, LLC in the original principal amount of $1,261,000. Defendant admits the referenced documents speak for themselves. Defendant denies any remaining allegations in Paragraph 8 to the extent inconsistent with the documents, the parties' course of performance, or Defendant's defenses.

9. Defendant admits that a Deed of Trust was recorded in the Official Records of Sacramento County in connection with the loan. Defendant denies the allegation that the Deed of Trust was dated August 25, 2019 to the extent that allegation is inconsistent with the recorded loan documents. Defendant admits the referenced Deed of Trust speaks for itself and denies any remaining allegations inconsistent with the document.

10. Defendant admits that the Deed of Trust concerns property located at 2755 El Caprice Dr., Rancho Cordova, California 95670. Defendant denies any remaining allegations in Paragraph 10 to the extent they are inconsistent with the Deed of Trust or applicable law.

11. Defendant admits that Plaintiff alleges an assignment of the Deed of Trust was recorded. Defendant lacks knowledge or information sufficient to form a belief as to the truth, scope, enforceability, and present legal effect of the alleged assignment and therefore denies those allegations. The recorded document speaks for itself.

12. Defendant admits that Plaintiff alleges a UCC financing statement was filed. Defendant lacks knowledge or information sufficient to form a belief as to the truth, scope, enforceability, continuation, and present legal effect of the alleged UCC filing and therefore denies those allegations.

The alleged UCC filing speaks for itself.

**13.** Defendant admits that the Complaint defines certain documents as the "Loan Documents." Defendant denies any allegation or legal conclusion that the Loan Documents establish Plaintiff's entitlement to the remedies requested, including a receiver, foreclosure, deficiency, or attorneys' fees.

**14.** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the Loan Documents were transferred and assigned to, and are currently held by, Fannie Mae, and therefore denies the allegation.

**15.** Defendant denies that it failed to timely pay all amounts required by the Loan Documents. Defendant denies that it failed to satisfy all obligations under the Loan Documents. Defendant denies that any uncured Event of Default exists. Defendant further alleges that alleged delinquencies and charges were caused or materially inflated by Arbor's and/or Plaintiff's improper force-placed insurance charges, misapplication or refusal of payments, escrow inflation, late fees, and failure to timely correct known insurance and account errors.

**16.** Defendant denies that it has been chronically late with loan payments throughout the life of the loan and denies that it breached Section 2.02(a)(3) of the Loan Agreement.

**17.** Defendant denies that it failed to maintain insurance in accordance with the Loan Documents. Defendant alleges that it maintained continuous valid hazard/property insurance and that Arbor and/or Plaintiff wrongfully placed, retained, and charged for duplicative lender-placed insurance despite proof of active coverage.

**18.** Defendant denies that it failed to maintain Single Asset Status. Defendant denies that it commingled assets or funds in a manner constituting an Event of Default. Defendant denies that it made any unauthorized transfer of the Mortgaged Property in violation of the Loan Documents.

**19.** Defendant denies that any Event of Default occurred or is continuing. Defendant denies that its license to collect rents automatically terminated. Defendant denies that Plaintiff is presently entitled to rents, possession, turnover, or receiver-related relief.

**20.** Defendant admits that Plaintiff's counsel sent a document purporting to be a Notice of Default and Acceleration of Debt dated January 22, 2026. Defendant denies that the notice was valid,

accurate, complete, or effective to establish the alleged defaults or accelerate the debt. Defendant denies any remaining allegations in Paragraph 20.

21. Defendant denies that Plaintiff or Arbor gave Defendant at least two meaningful or legally sufficient opportunities to cure the alleged defaults. Defendant further denies that any alleged default was properly noticed or uncured.

22. Defendant admits that Plaintiff alleges a Reservation of Rights letter dated April 14, 2025 was mailed and that the letter contains the quoted language. Defendant denies the truth of the quoted allegations and denies that the letter established any default or entitlement to relief.

23. Defendant admits that Plaintiff alleges a second Reservation of Rights letter dated November 14, 2025 was mailed and that the letter contains the quoted language. Defendant denies the truth of the quoted allegations and denies that any unauthorized transfer occurred or remained uncured.

24. Defendant admits that Plaintiff alleges the Second Reservation of Rights letter stated that Borrower failed to maintain insurance in accordance with the Loan Documents. Defendant denies the truth of that statement and denies that any insurance default occurred or remained uncured.

25. Defendant admits that Plaintiff alleges the Second Reservation of Rights letter contains the quoted language. Defendant denies that the letter established any Event of Default, recourse liability, or entitlement to relief.

26. Defendant admits that counsel and representatives for the parties communicated by phone and email after the Notice of Default. Defendant denies that Plaintiff accurately characterizes those communications and denies that the lack of resolution resulted from any failure by Defendant. Defendant alleges that Plaintiff and/or Arbor failed to correct known account, escrow, insurance, and payment application issues.

27. Defendant denies that all amounts are now due under the Note. Defendant denies that the Note was validly accelerated. Defendant denies that Plaintiff validly terminated Defendant's license to collect rents. Defendant admits that Plaintiff demanded turnover of rents and denies that Plaintiff is entitled to such turnover.

28. Defendant admits that Section 3 of the Deed of Trust speaks for itself. Defendant

denies that the conditions necessary to invoke those remedies have occurred and denies that Plaintiff is entitled to possession, rents, a receiver, or any other relief under Section 3.

29.    Defendant admits that Plaintiff stated an intention to seek appointment of a receiver by separate motion. Defendant denies that a receiver is necessary, appropriate, equitable, or authorized under the circumstances.

30.    Defendant admits that Section 5 of the Deed of Trust speaks for itself. Defendant denies that Plaintiff validly invoked any remedy under Section 5 and denies that Plaintiff is entitled to acceleration or foreclosure.

31.    Defendant admits that Section 5(d) of the Deed of Trust speaks for itself. Defendant denies that Plaintiff is entitled to recover attorneys' fees, costs, or expenses because Plaintiff has not established a valid default, entitlement to relief, prevailing-party status, or recoverable amount.

32.    Paragraph 32 incorporates prior allegations, to which no separate response is required. To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 31 and denies all allegations not expressly admitted.

33.    Defendant admits that the Loan Documents reflect a contractual relationship among the contracting parties. Defendant denies that Fannie Mae has performed all obligations under the Loan Documents and denies that Fannie Mae or its agents, servicers, or predecessors complied with all obligations, conditions, and duties owed to Defendant.

34.    Defendant denies that its acts or omissions constitute breaches of the Loan Documents.

35.    Defendant denies that Plaintiff suffered damages as alleged or in any recoverable amount. Defendant further denies that any alleged damages were directly or proximately caused by Defendant.

36.    Defendant denies that all conditions precedent to Plaintiff's recovery have been performed, occurred, or been waived.

37.    Paragraph 37 incorporates prior allegations, to which no separate response is required. To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 36 and denies all allegations not expressly admitted.

38.    Defendant admits that the Deed of Trust speaks for itself. Defendant denies that an

Event of Default occurred or continues. Defendant denies that Plaintiff is entitled to repossess, sell, dispose of, or otherwise control the collateral.

39. Defendant admits that the Deed of Trust speaks for itself. Defendant denies that an Event of Default occurred or continues and denies that Plaintiff is entitled to appointment of a receiver.

40. Defendant denies that Plaintiff lacks an adequate remedy at law. Defendant denies that specific performance, appointment of a receiver, turnover, possession, or any comparable equitable relief is necessary or appropriate.

41. Paragraph 41 incorporates prior allegations, to which no separate response is required. To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 40 and denies all allegations not expressly admitted.

42. Defendant denies that it defaulted under the Loan Documents. Defendant denies that it failed or refused to pay the entire outstanding principal and all accrued but unpaid interest due. Defendant denies that any acceleration was valid or that the full indebtedness is presently due.

43. Defendant denies that Plaintiff is entitled to judicial foreclosure, a deficiency judgment, remedies against any guarantor, or any other relief requested in Paragraph 43.

44. Paragraph 44 incorporates prior allegations, to which no separate response is required. To the extent a response is required, Defendant incorporates its responses to Paragraphs 1 through 43 and denies all allegations not expressly admitted.

45. Defendant admits that the Loan Documents speak for themselves. Defendant denies that Plaintiff is entitled to recover attorneys' fees or expenses.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the Prayer for Relief, including without limitation damages, acceleration, default interest, late charges, attorneys' fees, costs, specific performance, appointment of a receiver, turnover, possession, judicial foreclosure, deficiency judgment, or any other relief. Defendant requests that Plaintiff take nothing by the Complaint, that the Complaint be dismissed with prejudice, that judgment be entered in favor of Defendant, that Defendant recover its costs and attorneys' fees to the extent permitted by contract or law, and that the

*FEDERAL NATIONAL MORTGAGE ASSOC. v. BIGTIME HOUSING FOUNDATION*
U.S. DISTRICT COURT EASTERN DISTRICT, Case No. 2:26-CV-00610-SCR

GARNER & ASSOCIATES LLP

Court grant such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. By asserting these defenses, Defendant does not assume any burden of proof that would otherwise rest with Plaintiff, and Defendant does not admit that any defense identified below is an affirmative defense rather than a denial of an element of Plaintiff's claims.

## FIRST AFFIRMATIVE DEFENSE

### *(FAILURE TO STATE A CLAIM)*

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### *(NO DEFAULT / NO BREACH)*

Defendant did not materially breach the Loan Documents and no uncured Event of Default exists. Any claimed breach, delinquency, default, acceleration, or charge is disputed and was caused, excused, waived, cured, or materially inflated by Plaintiff's and/or Arbor's own acts and omissions.

## THIRD AFFIRMATIVE DEFENSE

### *(CONTINUOUS INSURANCE COVERAGE AND INVALID INSURANCE DEFAULT)*

Plaintiff's insurance-default theory is barred because Defendant maintained continuous valid insurance coverage, provided proof of coverage, and did not fail to maintain required coverage. Plaintiff and/or Arbor lacked a reasonable basis to impose, retain, or charge for duplicative lender-placed insurance after proof of coverage was provided.

## FOURTH AFFIRMATIVE DEFENSE

### *(PRIOR MATERIAL BREACH)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or its agents, servicers, predecessors, or persons acting on its behalf materially breached the Loan Documents and related duties first, including by imposing or retaining unauthorized insurance charges, failing to provide transparent accountings and notices, misapplying or refusing payments, and inflating escrow and default-related charges.

### FIFTH AFFIRMATIVE DEFENSE

*(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or its agents, servicers, predecessors, or persons acting on its behalf breached the implied covenant of good faith and fair dealing by frustrating Defendant's performance, failing to correct known account and insurance errors, treating disputed charges as defaults, and seeking extraordinary remedies based on alleged defaults that Plaintiff and/or Arbor caused or materially inflated.

### SIXTH AFFIRMATIVE DEFENSE

*(PREVENTION, HINDRANCE, AND INTERFERENCE WITH PERFORMANCE)*

Plaintiff may not recover for nonperformance that Plaintiff and/or Arbor caused, prevented, hindered, or rendered more burdensome. Defendant's performance was excused to the extent Plaintiff and/or Arbor misapplied payments, refused to properly credit payments, imposed duplicative insurance charges, failed to cancel lender-placed insurance, or otherwise interfered with Defendant's ability to perform.

### SEVENTH AFFIRMATIVE DEFENSE

*(PAYMENT, TENDER, CREDIT, AND MISAPPLICATION OF PAYMENTS)*

Plaintiff's claims are barred or reduced because Defendant made payments, tendered payments, and/or was entitled to credits that were not properly applied. Plaintiff and/or Arbor misapplied payments, treated payments as short or partial when Defendant disputes that characterization, held funds in unapplied or escrow accounts, and assessed late charges and fees based on incorrect accounting.

### EIGHTH AFFIRMATIVE DEFENSE

*(FAILURE OF CONDITIONS PRECEDENT)*

Plaintiff's claims are barred because conditions precedent to enforcement, acceleration, foreclosure, receivership, turnover, deficiency, or attorneys' fees did not occur, were not performed, were waived, or were excused. Plaintiff did not provide proper, accurate, complete, and legally sufficient notice and cure opportunities for the defaults alleged.

/ / /

*FEDERAL NATIONAL MORTGAGE ASSOC. v. BIGTIME HOUSING FOUNDATION*
U.S. DISTRICT COURT EASTERN DISTRICT, Case No. 2:26-CV-00610-SCR

GARNER & ASSOCIATES LLP

## NINTH AFFIRMATIVE DEFENSE

### *(WAIVER)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff and/or Arbor waived strict compliance with the provisions on which Plaintiff relies by course of conduct, acceptance of performance, failure to timely object, failure to enforce, and representations or conduct inconsistent with the defaults now alleged.

## TENTH AFFIRMATIVE DEFENSE

### *(ESTOPPEL)*

Plaintiff is estopped from asserting the alleged defaults and requested remedies because Defendant reasonably relied on Plaintiff's and/or Arbor's statements, conduct, account handling, insurance handling, payment acceptance, and/or failure to disclose or correct disputed charges, to Defendant's prejudice.

## ELEVENTH AFFIRMATIVE DEFENSE

### *(UNCLEAN HANDS)*

Plaintiff's equitable claims and requested equitable remedies, including specific performance, receivership, turnover, foreclosure-related equitable relief, and attorneys' fees, are barred by unclean hands. Plaintiff and/or Arbor seek relief based on account conditions and alleged defaults that were caused or materially inflated by wrongful insurance charges, lack of transparency, misapplication of payments, and refusal to correct known errors.

## TWELFTH AFFIRMATIVE DEFENSE

### *(LACHES AND INEQUITABLE DELAY)*

Plaintiff's claims and requested equitable remedies are barred, in whole or in part, by laches and inequitable delay because Plaintiff and/or Arbor delayed in disclosing, correcting, or resolving account and insurance issues, while continuing to impose disputed charges and fees that prejudiced Defendant.

/ / /

/ / /

/ / /

## THIRTEENTH AFFIRMATIVE DEFENSE

### *(FAILURE TO MITIGATE / AVOIDABLE CONSEQUENCES)*

Plaintiff's recovery, if any, is barred or reduced because Plaintiff and/or Arbor failed to mitigate alleged damages and failed to avoid consequences by refusing to promptly correct known insurance, escrow, accounting, payment-application, and charge disputes.

## FOURTEENTH AFFIRMATIVE DEFENSE

### *(SETOFF AND RECOUPMENT)*

Any amount claimed by Plaintiff is subject to setoff, recoupment, credit, or reduction for all sums wrongfully charged, retained, misapplied, or not credited, including duplicative lender-placed insurance premiums, escrow inflation, late fees, NSF fees, default interest, servicing charges, attorneys' fees, and other amounts caused by Plaintiff's and/or Arbor's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

### *(OFFSET FOR UNAUTHORIZED FORCE-PLACED INSURANCE CHARGES)*

Plaintiff's claimed indebtedness is overstated and must be reduced by unauthorized, duplicative, unreasonable, or unsupported force-placed insurance premiums and related escrow, late-fee, default-interest, and servicing charges.

## SIXTEENTH AFFIRMATIVE DEFENSE

### *(NO REASONABLE BASIS FOR LENDER-PLACED INSURANCE / FAILURE TO CANCEL)*

Plaintiff's claims are barred or reduced because Plaintiff and/or Arbor lacked a reasonable basis to place or maintain lender-placed insurance, failed to cancel or remove lender-placed insurance after receiving proof of valid coverage, and failed to provide required or adequate notices, disclosures, policy documents, invoices, receipts, statements, or accountings.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### *(VIOLATION OF APPLICABLE STATUTES, REGULATIONS, AND PUBLIC POLICY)*

Plaintiff's claims are barred or reduced because Plaintiff and/or Arbor's conduct violated or was inconsistent with applicable statutes, regulations, rules, and public policy governing lender-placed insurance, mortgage servicing, escrow handling, notices, accounting, unfair business practices, and insurance practices, including but not limited to applicable California insurance and unfair-practices

*FEDERAL NATIONAL MORTGAGE ASSOC. v. BIGTIME HOUSING FOUNDATION*
U.S. DISTRICT COURT EASTERN DISTRICT, Case No. 2:26-CV-00610-SCR

GARNER & ASSOCIATES LLP

principles and federal RESPA/Regulation X standards to the extent applicable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### *(UNJUST ENRICHMENT / NO WINDFALL)*

Plaintiff may not obtain a windfall or retain amounts not actually owed. Plaintiff's claimed recovery is barred or reduced to the extent it includes duplicative insurance premiums, inflated escrow charges, default interest, late charges, fees, costs, or other amounts that would unjustly enrich Plaintiff or any affiliated servicer, agent, insurer, or third party.

## NINETEENTH AFFIRMATIVE DEFENSE

### *(ACCOUNTING REQUIRED / UNCERTAINTY OF AMOUNT DUE)*

Plaintiff's claims are barred or reduced because the amount allegedly due is uncertain, disputed, and not supported by a complete, accurate, transparent, and admissible accounting. Plaintiff must account for all payments, escrow funds, unapplied funds, lender-placed insurance charges, insurance refunds, late fees, NSF fees, default interest, servicing charges, attorneys' fees, costs, and credits.

## TWENTIETH AFFIRMATIVE DEFENSE

### *(LACK OF CAUSATION AND DAMAGES)*

Plaintiff cannot establish that Defendant caused the damages alleged. Plaintiff's claimed damages, if any, were caused or materially contributed to by Plaintiff, Arbor, third parties, accounting errors, improper charges, failure to disclose, failure to correct, and failure to mitigate.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### *(ADEQUATE REMEDY AT LAW / NO BASIS FOR EQUITABLE RELIEF)*

Plaintiff is not entitled to specific performance, receivership, turnover, possession, or comparable equitable relief because Plaintiff has an adequate remedy at law, has not established irreparable harm, has not shown that legal remedies are inadequate, and has not satisfied the equitable requirements for such extraordinary relief.

/ / /

/ / /

/ / /

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

*(NO ENTITLEMENT TO RECEIVER)*

Plaintiff is not entitled to a receiver because appointment of a receiver is unnecessary, inequitable, disproportionate, and unsupported by the facts. The Property can be preserved without displacement of Defendant, and any alleged risk to the collateral was caused or materially exacerbated by Plaintiff's and/or Arbor's disputed account, insurance, and payment practices.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

*(NO VALID ACCELERATION)*

Plaintiff did not validly accelerate the loan because the alleged defaults were inaccurate, excused, waived, cured, caused by Plaintiff and/or Arbor, or not preceded by proper notice and cure. Any claimed acceleration is therefore ineffective or unenforceable.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

*(SECURITY-FIRST, FAIR VALUE, NONRECOURSE, AND ANTI-DEFICIENCY LIMITATIONS)*

Plaintiff's claim for deficiency, personal liability, and post-foreclosure recovery is barred or limited by the Loan Documents' nonrecourse provisions and by applicable California foreclosure, security-first, fair-value, one-action, and anti-deficiency principles, including California Code of Civil Procedure sections 580a, 580d, and 726 to the extent applicable.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

*(LIMITATION ON ATTORNEYS' FEES, COSTS, DEFAULT INTEREST, AND PENALTIES)*

Plaintiff's claims for attorneys' fees, costs, default interest, late charges, fees, and expenses are barred or limited because such amounts are unreasonable, unsupported, excessive, duplicative, caused by Plaintiff's or Arbor's conduct, not recoverable under the Loan Documents, not recoverable under applicable law, or constitute unenforceable penalties.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

*(FAILURE TO JOIN NECESSARY OR INDISPENSABLE PARTIES)*

Plaintiff's claims are barred or limited to the extent Arbor, any servicer, any insurer, any force-placed insurance affiliate, or any other person or entity responsible for the disputed insurance charges,

escrow charges, payment application, accounting, or notices is a required party under Federal Rule of Civil Procedure 19.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### *(STANDING, REAL PARTY IN INTEREST, AND AUTHORITY)*

Plaintiff's claims are barred unless Plaintiff proves standing, real-party-in-interest status, authority to enforce the Note and Deed of Trust, authority to seek the requested remedies, and authority to recover the amounts claimed, including disputed charges imposed or handled by Arbor or other third parties.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### *(RESERVATION OF RIGHT TO AMEND)*

Defendant has not completed discovery or investigation and reserves the right to seek leave to amend this Answer to add, withdraw, or modify affirmative defenses as additional facts, documents, testimony, and expert analysis become available.

## JURY DEMAND

Defendant demands a trial by jury on all issues so triable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

*FEDERAL NATIONAL MORTGAGE ASSOC. v. BIGTIME HOUSING FOUNDATION*
U.S. DISTRICT COURT EASTERN DISTRICT, Case No. 2:26-CV-00610-SCR

GARNER & ASSOCIATES LLP

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      That judgment be entered in favor of Defendant and against Plaintiff;

4.      That Plaintiff's requests for acceleration, foreclosure, deficiency, receiver, turnover, possession, attorneys' fees, costs, default interest, late charges, and other relief be denied;

5.      That Defendant be awarded its attorneys' fees and costs to the extent permitted by contract or law; and

6.      For such other and further relief as the Court deems just and proper.


DATED: June 25, 2026                                    Respectfully submitted,

                                                        **GARNER & ASSOCIATES, LLP**

                                                        _____
                                                         JOHN R. GARNER, ESQ.
                                                        Attorney for Defendant,
                                                        BIGTIME HOUSING FOUNDATION LLC

*Federal National Mortgage Association a.k.a. Fannie Mae v. Bigtime Housing Foundation, LLC*
United States District Court Eastern District of California Case No. 2:26-CV-00610-SCR

## PROOF OF SERVICE

I am a citizen of the United States, over the age of 18 years, and not a party to or interested in this action. I am employed in the County of Sacramento, State of California and my business address is Garner & Associates LLP, 7940 California Ave, Fair Oaks, CA 95628. On this day I caused to be served the following document(s):

### DEFENDANT BIGTIME HOUSING FOUNDATION LLC'S
### ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

☒    By placing ☐ the original ☒ a true copy addressed and served as follows:

| | |
|---|---|
| Marsha A. Houston, Esq. (SBN 129956)<br>Shayna A. Jackson, Esq. (SBN 340864)<br>**REED SMITH LLP**<br>1901 Avenue of the Stars, Suite 700<br>Los Angeles, CA 90067-6078<br>Tel. (310)734-5200<br>mhouston@reedsmith.com;<br>SJackson@reedsmith.com | Phillip H. Babich, Esq. (SBN 269577)<br>**Law Office of Phillip H. Babich, P.C.**<br>3060 El Cerrito Plaza PMB 231<br>El Cerrito, CA 94530<br>Tel. (213)999-5749<br>PBabich@ReedSmith.com |
| *Attorney for Plaintiff Federal Nat.'l Mortgage Assoc. a.k.a. Fannie Mae* | *Attorney for Plaintiff Federal Nat.'l Mortgage Assoc. a.k.a. Fannie Mae* |

☐    **BY MAIL**: I am familiar with this firm's practice whereby the mail, after being placed in a designated area, is given fully prepaid postage, and is then deposited with the U.S. Postal Service at Willows, California, after the close of the day's business.

☐    **BY PERSONAL SERVICE**: I caused such envelope to be delivered by hand.

☐    **BY OVERNIGHT COURIER**: I caused such envelope to be placed for collection and delivery in accordance with standard overnight delivery procedures for delivery the next business day.

☒    **BY ELECTRONIC TRANSMISSION**: I caused document(s) to be transmitted by electronic transmission (email) from marina@garner.law to the person(s) and email address(es) shown above. The electronic transmission was without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 25, 2026, at Sacramento, California.

*/s/ Marina Foster*
Marina Foster

GARNER & ASSOCIATES LLP